

NUMBER 13-14-00123-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAUL TREVINO LARA, JR.,                                          Appellant,

V.

THE STATE OF TEXAS,                                          Appellee.

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

# ORDER ABATING APPEAL

**Before Chief Justice Valdez and Justices Perkes and Longoria
Order Per Curiam**

This cause is before the Court because the court reporter has failed to timely file the reporter's record. On March 31, 2014, a portion of the reporter's record was filed by court reporter, Lisa Kinsel, and on May 8, 2014, a portion of the reporter's record was filed by court reporter, Julie Winston. The portion of the record reported by court reporter, Dahlia Robledo, has yet to be filed. Ms. Robledo previously requested and was granted an extension until April 14, 2014, to file her portion of the reporter's record. On

April 24, 2014, the Court notified Ms. Robledo the record had not been filed and directed her to file the record within thirty days. Ms. Robledo has failed to file the record.

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine whether appellant has abandoned his appeal. If it is determined that appellant has not abandoned his appeal, the court shall further determine if appellant's attorney of record continues to represent appellant and will diligently pursue this appeal.

The court shall further determine if the reporter's record, or any part thereof, has been lost or destroyed, and shall make appropriate findings under Tex. R. App. P. 34.6(f), if necessary. Otherwise, the court shall determine what steps are necessary to ensure the prompt preparation of a reporter's record, and shall enter any orders required to avoid further delay and to preserve the parties' rights.

The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
27th day of June, 2014.

2